**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIJMATI SINGH, | No. 07-73026 |
| Petitioner, | Agency No. A072-400-174 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2010 [**]

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Brijmati Singh, a native and citizen of Fiji, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying her motion to reopen removal

proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, *see Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny the petition for review.

We reject Singh's contention that the BIA erred by failing to weigh the appropriate evidence in considering her motion to reopen.  *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely where the motion was filed nearly ten years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to establish changed country conditions in Fiji to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is … whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

To the extent Singh challenges the BIA's September 5, 1996 order denying asylum and withholding of removal, we decline to consider the contentions because they have already been considered and rejected by this court in *Singh v. INS*, 134 F.3d 962 (9th Cir. 1998).  *See Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (explaining that under the 'law of the case doctrine,' one panel of

an appellate court will not reconsider questions which another panel has decided on a prior appeal in the same case).

Finally, Singh does not challenge the BIA's denial of humanitarian asylum or her motion to reconsider.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED.**